# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **Case Number 3:15cr69/MCR**

**WILLIAM R. LUCAS**

_____/

## FACTUAL BASIS FOR GUILTY PLEA

The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

This case involves a source of almost pure methamphetamine ("ice") from the area of Seattle, Washington, who was supplying large amounts of the drug into Pensacola. Essentially, the Washington source (co-defendant Kyle Hudson) and defendant William Lucas worked together for methamphetamine to be procured in Washington and then transported to Florida by various means during the time frame noted in the indictment. It was almost pure methamphetamine (averaging over 95% pure).

The illicit relationship between co-defendant Hudson and defendant Lucas began around January 2015, when defendant Lucas contacted co-defendant Hudson in an effort to obtain a shipment of methamphetamine. In February 2015, defendant Lucas once again contacted co-defendant Hudson for methamphetamine.

This led to two parcels of methamphetamine being mailed by co-defendant Hudson to defendant Lucas for further distribution in Pensacola. The second of those parcels was intercepted by law enforcement as noted below.

On March 19, 2015, the Pensacola Police Department (PPD) executed a search warrant on XXXX Suntan Circle. PPD observed defendant Lucas leave the residence to travel to his state probation officer. PPD and the U.S. Postal Inspection Service met defendant Lucas at said meeting, and they confronted him with a parcel that was being sent to his address by co-defendant Hudson.

While this meeting was taking place, other members of PPD witnessed co-defendant April Vasquez exit the aforementioned residence with a large plastic bin. She placed it in her vehicle. PPD began to execute the SW as she tried to pull away. A lawful traffic stop was conducted on her vehicle. After a positive K-9 alert on the vehicle, a search was conducted. Inside the plastic bin, officers located 68 grams of methamphetamine in three plastic bags. In the master bedroom of the residence (belonging to defendant Lucas), PPD located small baggies for the distribution of methamphetamine, a digital scale, and a methamphetamine "owe sheet."

A few days later, co-defendant Vasquez requested a meeting with the Drug Enforcement Administration. She was advised of her rights. Thereafter, co-defendant Vasquez informed law enforcement that defendant Lucas was

2

responsible for obtaining/distributing the methamphetamine. She went on to explain that she previously witnessed defendant Lucas sell methamphetamine. Co-defendant Vasquez identified co-defendant Hudson as a source of supply in Seattle.

Based upon said information, amongst other things, PPD obtained a search warrant for the above noted parcel (that was sent to the Suntan Circle address). The parcel contained 445 grams of 98% pure methamphetamine from co-defendant Hudson that was meant for defendant Lucas to distribute.

Based upon all the information herein, PPD obtained search warrants for cellular telephones found on/about defendant Lucas on March 19, 2015. Said searches revealed significant amounts of text messages between Hudson-Lucas-Vasquez leading up to a March 17th transportation of methamphetamine by co-defendant Vasquez. What these text messages revealed was that defendant Lucas arranged to fly co-defendant Vasquez out to co-defendant Hudson (in Seattle) to pick up methamphetamine.[1] The text messages discuss travel details as well as co-defendant Hudson "fronting" methamphetamine for defendant Lucas to pay for at a later date. All of the text messages can be linked via phone

---

[1] For example, a text from Lucas to Hudson, describing Vasquez, reads: "Your the best. She can arrive Tuesday 1215. And departs same day 315pm. If that works for you? Shes a big girl and will mule it out." This led directly into the March 17, 2015, methamphetamine pick up by Vasquez in Washington.

3

possession and/or subscriber records to the three co-defendants.   Law enforcement possesses flight records for co-defendant Vasquez that confirm the March 2015 travel to co-defendant Hudson.

On April 17, 2015, while in jail pending state charges, co-defendant Vasquez requested to speak again with the Drug Enforcement Administration.  She was again advised of her rights.  She explained that she had retrieved methamphetamine (confirmed in March 2015) from defendant Hudson and then wore the methamphetamine in an adult diaper through airport security (this means of transport is corroborated by text messages discussing the defendant wearing a diaper).

In sum, defendant Lucas conspired to distribute in excess of 1 kilogram of methamphetamine ("ice") during the course of the conspiracy.  He did this to further the distribution of said methamphetamine for co-defendant Hudson and others.  Moreover, all the conspirators utilized their cellular telephones facilities to further their illicit venture as noted above.

4

## Elements of the Offense

Eleventh Circuit Pattern Jury Instructions (2015) - Criminal, Offense Instr. 100, 99 & 98 have been reviewed by the defendant along with his counsel.

CLINTON A. COUCH
Attorney for Defendant
Florida Bar No. 898181
317 North Spring Street
Pensacola, Florida 32501
(850) 432-3245

2/10/2016

Date

WILLIAM R. LUCAS
Defendant

2/10/16

Date

CHRISTOPHER P. CANOVA
Acting United States Attorney

DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

2/16/16

Date

5