UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 3:15-cr-00069-MCR

WILLIAM R. LUCAS
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

William R. Lucas ("Lucas"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence, and offers the following:

**I. INTRODUCTION**

William Lucas entered an unknowing and involuntary guilty plea as the result of the erroneous advice provided by trial counsel. Lucas avers that trial counsel advised Lucas and his mother that if he pled guilty and agreed to cooperate, he would receive no more than a 10-year sentence. Further, when asked by the Court at Lucas' re-arraignment hearing whether any promises had been made regarding the length of Lucas' sentence, Lucas asserts that trial counsel advised him the cooperation agreement was "not applicable here" as it was between only Lucas and the prosecutor. (Decl. of Lucas ¶ 8).[1]

---

[1]  A signed declaration from Lucas will be provided to the Court forthwith.

Lucas received a significantly harsher sentence than what counsel had promised. Lucas was sentenced to the mandatory minimum of 20 years after the Government refused to move for a reduction for Lucas' cooperation. But for counsel's erroneous promise, Lucas avers that he would not have pled guilty and would have proceeded to trial instead.

## II. BACKGROUND

On November 17, 2015, Lucas was charged by a federal grand jury with: (Count One) Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); and (Count Two) Conspiracy to Utilize a Telephone Facility, in violation of 21 U.S.C. §§ 843(b) and 846. (Docket Entry "DE" 3). On December 7, 2015, the United States filed a Notice of Enhanced Penalty pursuant to 21 U.S.C. § 851, raising Lucas' mandatory minimum sentence to 20 years under 21 U.S.C. § 841(b)(1)(A)(viii). (DE 23).

Lucas agreed to plead guilty to both counts of the Indictment pursuant to a plea agreement on February 10, 2016. (DE 72). Lucas reserved his right to appeal any sentence imposed. (DE 72 at 5). At the change of plea colloquy, Lucas twice conferred with counsel off the record. The second instance occurred after the court admonished Lucas regarding any expectations of sentence:

THE COURT: Also, sir, if you have any expectations about your sentence, despite all the things that we've gone over here today, and those expectations turn out to be different from the sentence that Judge Rodgers

2

|||
|---|---|
| | actually imposes, that would not be a basis to at that point challenge your guilty plea. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Having been through that hearing, sir, and having fully considered all the paperwork that we've identified and that you've signed, is it still your desire to change your plea and enter pleas of guilty in this case? |
| MR. COUCH: | Before he answers that, Your Honor, may I speak with him? |
| THE COURT: | Of course. |

(Off-the-record discussion between defendant and counsel.)

|||
|---|---|
| MR. COUCH: | We're ready to proceed, Your Honor. Thank you. |
| THE COURT: | Just let the record reflect you've just talked to your lawyer. And the last question I had asked is whether it was still your intent to go forward and enter a plea of guilty; is that correct? |
| THE DEFENDANT: | Yes, sir. |

(Tr. of Change of Plea Hearing. pp. 38-39). At the conclusion of the rearraignment hearing, the Magistrate Judge recommended that Lucas' guilty plea be accepted. (*Id.* at 41).

The Presentence Investigation Report ("PSR") found Lucas' Base Offense Level to be 34. Lucas received a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises, and a 3-level departure for acceptance of responsibility. Lucas' Total Offense Level of 33, combined with a Criminal History Category III, resulted in a Guideline range of 168 to 210

months imprisonment. Due to the § 851 enhancement, Lucas' effective Guideline range was 240 months.

Lucas had objected to the 2-level enhancement for maintaining a premises prior to sentencing. However, at the onset of sentencing held May 18, 2016, Lucas withdrew his objection in the hopes "that the Court may have an opportunity to revisit this sentence at some point in the future, and . . . therefore withdr[ew] [the] objection to the 2-level enhancement for maintaining a premises." (Tr. of Sentencing, p. 3) (alterations added).

The Court then turned to Lucas' cooperation efforts. After Lucas was provided the opportunity to allocute, the Court stated:

> And I will take your service and good conduct and honorable service in the military, level of sacrifice into account if the Government files the motion that Mr. Goldberg has just been referring to. But he's right, it is entirely up to the Government. The Court has no role to play – I'm sure Mr. Couch has explained this to you or it was explained to you at your plea – no role whatsoever to play in that decision.

(*Id.* at 14). Ultimately, the Court sentenced Lucas to the statutory minimum of 240 months imprisonment followed by 10 years of supervised release. Written judgment was entered on May 20, 2016. (DE 98). Lucas did not appeal. This motion follows.

## II. TIMELINESS

Lucas had 14 days after entry of written judgment to file a notice of appeal to the Eleventh Circuit. Because he did not, Lucas' judgment became final on June 3, 2016. Pursuant to 28 U.S.C. § 2255(f)(1), this motion is timely filed on or before June 3, 2017.

4

### III. STANDARD OF REVIEW

Claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 688 (1984). To prove ineffective assistance, a defendant must show (1) deficient performance, and (2) prejudice. *Id*. at 687. Prejudice is shown through a reasonable probability of a different outcome. *Id*. In the context of guilty plea proceedings, the Supreme Court has held that the *Strickland* test applies to advice given by counsel in guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prove prejudice in a guilty plea context, the defendant must show that "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*. at 59.

### IV. ARGUMENT

(a) <u>Counsel Was Ineffective For Affirmatively Misadvising Lucas That He Would Receive A Maximum Sentence of Ten Years If He Plead Guilty And Cooperated With The United States; But For Counsel's Erroneous Advice, Lucas Would Have Not Plead Guilty And Would Have Proceeded To Trial Instead</u>

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Nonetheless, "the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable." *Id*. There remains the "possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or

5

misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Id.* at 75. Such is Lucas' case.

On or about January 13, 2016, Lucas arrived at the Santa Rosa County Jail in Florida prior to his initial appearance and arraignment in the instant case. (Decl. of Lucas ¶ 3). Around this time, Lucas' mother hired attorney Clinton Couch to represent Lucas in the proceedings. (Decl. of Lucas ¶ 3). Lucas met with Mr. Couch while he was held at the Santa Rosa County Jail. At one of their initial meetings, Lucas discussed with Mr. Couch the Government's evidence and possible trial strategies. (Decl. of Lucas ¶ 4). Lucas asked counsel what deal the Government was willing to make and how much time he would be facing if he plead guilty. (Decl. of Lucas ¶ 4). According to Lucas, Mr. Couch told him without hesitation that he would receive 7.5 years if he provided assistance to the Government. (Decl. of Lucas ¶ 4).

After being informed later that a codefendant would cooperate against Lucas, Lucas again inquired about the possibility of a cooperation and plea agreement. (Decl. of Lucas ¶ 5). Mr. Couch informed Lucas that there was "no paper deal" with respect to the cooperation agreement. However, Mr. Couch assured Lucas that he had known AUSA Goldberg for a long time, and would "uphold his end of the deal." (Decl. of Lucas ¶ 5). Mr. Couch again told Lucas that based on the volume of information Lucas could provide he would receive a sentence of no more than 10 years and as low as 7.5 years. (Decl. of Lucas ¶

6

5). Lucas again asked counsel for his advice regarding proceeding to trial. According to Lucas, Mr. Couch advised that he cannot win at trial and should take the plea deal. (Decl. of Lucas ¶ 6).

At the plea colloquy, the court inquired of Lucas whether he had been promised a specific sentence or expectation of sentence. At this time, Lucas conferred with counsel off the record. According to Lucas' sworn declaration, Lucas asked counsel if the cooperation agreement needed to be raised at this time. (Decl. of Lucas ¶ 8). Per Lucas, Mr. Couch informed him that the cooperation agreement "is not applicable here. That it was something between the prosecutor and us." (Decl. of Lucas ¶ 8). Lucas never did receive a reduction for his cooperation, and was sentenced to a mandatory minimum term of 240 months imprisonment. Had Lucas not been promised a sentence of "7.5 years or less than 10 years" by counsel, he would have not have plead guilty and instead proceeded to trial. (Decl. of Lucas ¶ 10).

In determining whether Lucas would have rejected the plea agreement and proceeded to trial, Lucas must demonstrate that "rejecting the plea bargain would have been rational under the circumstances." *Jackson v. United States*, 463 Fed. Appx. 833, 835 (11th Cir. 2012) (citing *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)). Lucas plead guilty to both counts of the Indictment and obtained no net benefit from doing so. (*See* PSR ¶ 85). Given the fact that the plea agreement had no impact on Lucas' guideline range, it would not have been irrational for Lucas to proceed to trial had he not

7

believed he would receive a sentence of less than 10 years if he plead guilty. After all, Lucas had "'nothing to gain by pleading [guilty], nothing to lose by going to trial.'" *Esslinger v. Davis*, 44 F.3d 1515, 1530 (11th Cir. 1995)

Additionally, Lucas' plea agreement stipulated that Lucas' understood that "any prediction of the sentence that may be imposed is not a guarantee or binding promise." (Plea Agreement ¶ 3.a). And Lucas acknowledged the same in open court. Nonetheless, Lucas' statements were the result of counsel's affirmative misadvice and a promise of a sentence far below the statutory minimum. Lucas inquired of counsel whether this should be raised at the plea colloquy, and counsel told Lucas that it "does not apply hear." (Decl. of Lucas ¶ 8).

In support of Lucas' claims, Lucas has provided a declaration "indicat[ing] exactly what the terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication." *Blackledge*, 431 U.S at 76.[2] Based on the foregoing, it is clear that Lucas received erroneous advice from counsel that led him to enter an unknowing and unintelligent guilty plea. But for counsel's misadvice, Lucas would have not plead guilty and proceeded to trial instead.

---

[2]   Attached is a declaration from Lucas' mother, Sharon Bailey.

## V. <u>EVIDENTIARY HEARING</u>

Under section 2255, the Court shall grant an evidentiary hearing on Lucas' claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Holmes v. United States*, 876 F.2d 1545, 1552-53 (11th Cir. 1989). The record in this case does not conclusively refute Lucas' assertion that he would not have pled guilty but for his attorney's ineffective assistance. As such, an evidentiary hearing is required to resolve Lucas' claim.

## VI. <u>CONCLUSION</u>

The Court should promptly schedule this matter for an evidentiary hearing and grant Lucas § 2255 relief.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for William R. Lucas*