UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | Nos. 3:15-cr-69 |
| | ) | 3:17-cv-389 |
| WILLIAM R. LUCAS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**OBJECTIONS TO REPORT AND RECOMMENDATION**

William R. Lucas ("Lucas"), by and through the undersigned counsel, respectfully submits these Objections to the Magistrate's Report and Recommendation. In support thereof, Lucas offers the following:

**I. BACKGROUND**

On June 2, 2017, Lucas filed a timely Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docket Entry "DE" 111). Lucas raised one ground for § 2255 relief– counsel was ineffective for affirmatively misadvising Lucas that he would receive a sentence of no more than ten years if Lucas pled guilty and cooperated with the Government. (DE 111-1 at 5-

8). Included with Lucas' § 2255 motion was a declaration from Lucas (DE 111-2 & 114-1) and a declaration from his mother, Sharon Bailey (DE 111-3), attesting to the § 2255 allegation.

The Government filed its opposition to Lucas' § 2255 motion on July 12, 2017. (DE 116). Appended to the Government's Response was a declaration from Lucas' former counsel, Mr. Couch. (DE 116-1). Lucas submitted his Reply on September 25, 2017. (DE 117).

On February 24, 2020, the Honorable U.S. Magistrate Judge Elizabeth M. Timothy issued a Report and Recommendation ("R&R") that Lucas' § 2255 motion be denied without an evidentiary hearing. (DE 122). Relying largely on the plea colloquy, the R&R concludes that Lucas' § 2255 claim is foreclosed by the statements made at the plea hearing. (DE 122 at 12). The R&R further claims that Lucas' allegations are "contradicted by the sworn affidavit of his seasoned defense counsel." *Id*. at 16. Further, the R&R states that Lucas received some benefits by pleading guilty rather than proceeding to trial, and concludes that "[w]hile Defendant is correct that conflicting affidavits will

frequently require an evidentiary hearing, he has not met his burden of showing that a hearing is required in this case." *Id.* at 17-18. Accordingly, the R&R recommends denial of Lucas' § 2255 motion without an evidentiary hearing, and denial of a certificate of appealability.

These objections follow.

## II. OBJECTIONS

The R&R relies heavily on what transpired during the Fed. Crim. R. P. 11 plea colloquy. (DE 122 at 12) ("Here, the analysis of Defendant's claim will rely heavily on what transpired at the plea colloquy"). From the outset of these § 2255 proceedings, Lucas has acknowledged that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). (DE 111-1 at 5). Lucas has also reiterated that the "barrier of the plea or sentencing record, although imposing, is not invariably insurmountable." *Id.* at 73-74. (DE 117 at 2). Nonetheless, the R&R relies almost solely on the plea colloquy despite the "possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of

3

such factors as misunderstandings, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Id*.

Lucas and his mother have provided declarations setting forth the allegation that Mr. Couch advised Lucas that he would receive no more than 10 years in prison if he pled guilty and cooperated. This is the exact sort of "misunderstanding" and "misrepresentation" that *Blackledge* instructs invalidates a guilty plea. Even so, the R&R concludes that because Lucas' and counsel's of-the-record discussion occurred after Lucas affirmed no promises were made, the record refutes Lucas' § 2255 claim. Lucas respectfully objects to this conclusion.

The off-the-record discussion in question did occur after that portion of the Rule 11 colloquy. However, the record does not foreclose the possibility that Lucas inquired of counsel regarding the alleged promise during this off-the-record discussion prior to Lucas entering his guilty plea. Critically, as Lucas noted in his Reply, neither the Government nor Mr. Couch attempted to explain what was actually discussed during this time. This

4

information would clearly play a key role in Lucas' § 2255 claim, and Lucas submits that it would be error to deny § 2255 relief without holding an evidentiary hearing.

Further, the R&R notes that "Defendant's recollection is also contradicted by the sworn affidavit of his *seasoned* defense counsel." (DE 122 at 16) (emphasis added). The Eleventh Circuit has specifically rejected a "*per se* 'credit counsel in case of conflict rule[.]'" *Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999). Although the R&R does not unequivocally credit defense counsel's affidavit over Lucas' allegations, it is clear that the findings give more weight to Mr. Couch's affidavit than the statements made in Lucas' and his mother's declarations.

Next, Lucas objects to the R&R's finding that Lucas is mistaken that he received no benefit by pleading guilty. (DE 122 at 17). The R&R concludes that had Lucas proceeded to trial, his Guideline range would have been 240 to 293 months without acceptance of responsibility and with consideration of the mandatory minimum. *Id*. However, there is nothing in the record to reflect that Lucas sentence would have been anything different

5

than the 240 months he ultimately received regardless of whether he pled guilty or proceeded to trial.

Finally, Lucas objects to the R&R's conclusion that:

> While Defendant is correct that conflicting affidavits will frequently require an evidentiary hearing, he has not met his burden of showing that a hearing is required in this case. He has not brought forth credible valid reasons why this court should disregard his previous sworn testimony at the rearraignment proceeding.

(DE 122 at 18).

"The Supreme Court has refused to apply a *per se* rule rendering guilty pleas invulnerable to subsequent challenge even when a s 2255 petitioner repudiates statements made to the sentencing judge at the time the plea was entered." *United States v. McCord*, 618 F.2d 389, 392-93 (5th Cir. 1980) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). Instead, "[w]hen petitioner goes beyond mere allegations by presenting credible affidavits that raise a substantial inference that an unkept bargain was in fact made, s 2255 requires an evidentiary hearing." *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975).

Here, Lucas has provided a declaration "indicat[ing] exactly what the terms of the promise were; when, where, and by whom

6

the promise had been made; and the identity of one witness to its communication." *Blackledge*, 431 U.S. at 76. This fact, in conjunction with the competing affidavit from counsel, requires an evidentiary hearing be held to determine the merits of Lucas' § 2255 claim for relief.

## CONCLUSION

Based on the foregoing, Lucas' objections to the R&R should be sustained, and the Court should schedule this matter for an evidentiary hearing.

Respectfully submitted,

<u>/s/ Jeremy Gordon</u>
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for William Lucas*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 28th day of February 2020.

/s/ Jeremy Gordon