UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 3:15cr69-TKW

WILLIAM R. LUCAS,

    **Defendant.**
_____/

## ORDER DENYING SENTENCE REDUCTION

This case is before the Court based on Defendant's pro se "Petition for Reduction in Sentence 3582" (Doc. 130). No response is necessary.

The petition seeks a sentence reduction pursuant to 18 U.S.C. §3582 because, according to Defendant, he received "an unduly harsh 851 enhancement"[1] and the Government should not have filed "an 851 information" for various reasons. Even if that is true, it does not provide the Court a legal basis to modify Defendant's sentence at this point—more than six years after the sentence was imposed.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by [18 U.S.C. §3582(c)]," *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010), and a claim that a sentence is too harsh is not one of the grounds listed in §3582(c)(1) or (c)(2). Defendant's claim that his 851 enhancement was "unduly harsh" does not qualify as an "extraordinary and

---

[1] 21 U.S.C. §851.

compelling reason" that would warrant a sentence reduction under §3582(c)(1)(A) because "relief under [that statute] is limited to the extraordinary and compelling reasons identified in the [Sentencing Guidelines'] §1B1.13 policy statement," *United States v. Thompson*, 2022 WL 4355102, at *2 (11th Cir. Sept. 20, 2022), and Defendant does not argue that relief is warranted under §3582(c)(2) based on a retroactive reduction in his guideline range.² Moreover, even if the Court was inclined to do so, it could not reconsider the sentencing court's application of an 851 enhancement in the context of a motion under §3582(c). *See United States v. Trammell*, 530 F. App'x 848, 849-850 (11th Cir. 2013) (explaining that a proceeding under §3582(c) "does not allow district courts to revisit rulings made at the original sentencing hearing").

Accordingly, for the reasons stated above, it is **ORDERED** that Defendant's pro se "Petition for Reduction in Sentence 3582" (Doc. 130) is **DENIED**.

**DONE AND ORDERED** this 21st day of September, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

² Notably, Defendant does not claim that he is entitled to a sentence reduction under the First Step Act. *See* Doc. 130 at 2 ("Petitioner here is not asserting that the FSA applies in this case.").